94 A.3d 298

IN THE MATTER OF LOUIS MACCHIAVERNA,
AN ATTORNEY AT LAW.

July 17, 2014.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 14–043, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent)that **LOUIS MACCHIAVERNA** of **LAVELLETTE,** who was admitted to the bar of this State in 1998, and who has been temporarily suspended from the practice of law since July 12, 2013, should be suspended from the practice of law for a period of two years for violating *RPC* 5.5(a)(1) (practicing law while suspended), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further determined that the term of suspension should be consecutive to the one-year suspension imposed by Order filed this date in DRB 13–291 (D–76–13; 073990);

And good cause appearing;

It is ORDERED that **LOUIS MACCHIAVERNA** is suspended from the practice of law for a period of two years, effective July 18, 2015, and until the further Order of the Court, and it is further

ORDERED that respondent continue to comply with the conditions imposed by Orders of this Court on October 21, 2010, and July 12, 2013, requiring respondent to submit quarterly reconciliations of his attorney accounts to the Office of Attorney Ethics for a period of two years, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of

*Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.